De LIU, Petitioner,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 01–70623.

I & NS No. A29–885–329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided May 24, 2002.

Before BROWNING, HUG and BERZON, Circuit Judges.

## MEMORANDUM *

De Liu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen the exclusion proceedings against him. Because proceedings were initiated against Liu prior to April 1, 1997 and the BIA did not issue its final deportation order until after October 30, 1996, we have jurisdiction under 8 U.S.C. § 1105a(a). *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 309(c)(1), 110 Stat. 3009, 625 (1996). We grant the petition. As the parties are familiar with the factual and procedural history of this case, we will not recount it here except as is necessary to explain our decision.

We review for abuse of discretion the BIA's denial of a motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Because the BIA based its decision in this case on an erroneous holding—specifically, that Liu's newly submitted evidence, the Guangdong Province Birth Control Regulation, was immaterial-we conclude that the BIA abused its discretion in denying Liu's motion to reopen. That the BIA's view on materiality was erroneous is evident when one considers both the showing that Liu was required to make to obtain relief and the content of the Guangdong Regulation.

Pursuant to the Convention Against Torture ("CAT"), in order to obtain relief, Liu was required to show that "it is more likely than not that he...would be tortured if removed to [China]." 8 CFR § 208.16(c)(2). In light of the required showing, material evidence would have included proof that Liu is a member of a class of persons regularly tortured in China. The Guangdong Regulation was such evidence. The Regulation clearly states that in Liu's home province the alleged torture in this case, China's various population control measures,[1] applies to persons in Liu's position of "returning overseas Chinese." Therefore, because the Regulation was material to Liu's quest for relief, and because the BIA relied upon the erroneous belief that it was immaterial in reaching its result, the BIA's decision to deny Liu's petition to reopen amounted to an abuse of discretion.

In its brief, the government essentially concedes that the BIA incorrectly decided that the Guangdong Regulation was immaterial. Nonetheless, it urges that we deny Liu's petition because (1) the BIA might have denied Liu's motion on the basis that he failed to show that the Regulation was unavailable at an earlier stage in the proceedings, 8 CFR § 3.2(c)(1), (c)(2)(ii); (2) the BIA might have denied the motion because the Regulation did not constitute evidence of "changed circumstances arising in" China (given that the Regulation has existed in some form since 1980), 8 CFR § 3.2(c)(2)(ii); and (3) the BIA might have denied Liu's motion on the ground that even with the Regulation, Liu did not provide enough evidence to establish a prima facie case for relief under the CAT. *See* 8 CFR § 208.18(b)(2)(ii) (stating that a motion to reopen for relief under the CAT may only be granted if a party provides

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. As the issue is not before us, we do not consider whether any of China's population control measures, including involuntary sterilization, meet the definition of torture set forth in the CAT. *See* 8 CFR § 208.18(a) (providing a definition of torture for purposes of the CAT).

evidence establishing a prima facie case for such relief).

The government's arguments are unpersuasive.[2] As we have previously stated, "this court cannot affirm the BIA on a ground upon which it did not rely." *Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 197 (1947)). Thus, that the BIA might have rested its decision on alternative, legitimate grounds provides no basis for ignoring the erroneous ground on which it did rely.

PETITION FOR REVIEW GRANTED.

2. We note that the government's arguments raise the interesting issue of how 8 CFR § 3.2 and 8 CFR § 208.18 interrelate in successive motions to reopen for CAT relief before the BIA. For example, the government's suggestion that Liu was required to show changed circumstances assumes that the "numerical limitations" language in § 208.18(b)(2) applies only to the first motion to reopen for CAT relief. Because both regulations require materiality, and because we are unpersuaded by the government's arguments for the reasons stated in the text, we decline to consider the interrelation issue. However, the BIA may wish to clarify the relationship between these two regulations upon subsequent review of Liu's motion.

